

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0649-12, 0650-12

### EX PARTE KUFREABASI ITA ENYONG, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to a plea agreement, the Appellant pled guilty in 2010 to assault and violation of a protective order. He subsequently filed an application for a writ of habeas corpus claiming that his counsel provided ineffective assistance by failing to advise him of the immigration consequences of his guilty pleas. The trial court denied relief and the Court of Appeals reversed. *Enyong v. State*, 369 S.W.3d 593 (Tex. App. - Houston [1st Dist.] 2012).[1]

---

[1] As an appeal from a ruling on a writ of habeas corpus, the style of the case should be *Ex parte Enyong.*

The State has filed a petition for discretionary review contending the Court of Appeals erred in holding that *Padilla v. Kentucky*, 559 U.S. 356 (2010), applies retroactively to the collateral review of a state conviction that was final when the *Padilla* opinion was issued, and that the Appellant failed to establish he received ineffective assistance of counsel. The U.S. Supreme Court recently held that, under *Teague v. Lane*, 489 U.S. 288 (1989), *Padilla* does not have retroactive effect. *Chaidez v. United States*, 133 S.Ct. 1103 (2013). We adopted that Court's reasoning as a matter of state law in *Ex parte De Los Reyes*, No. PD-1457-11, __ S.W.3d __ (Tex. Crim. App. March 20, 2013).

The Court of Appeals in the instant case did not have the benefit of our opinion in *Ex parte De Los Reyes*. Therefore, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of *Ex parte De Los Reyes*.

Delivered: April 24, 2013
Publish